UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT CLEVELAND

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, a foreign corporation, 7233 East Butherus Drive Scottsdale, AZ  85260<br>    Plaintiff,<br><br>vs.<br><br>AIG SPECIALTY INSURANCE COMPANY, a foreign corporation 175 Water Street New York, NY  10038<br><br>**Please Serve:** Corporation Service Company 80 State Street Albany, NY  12207-2543<br><br>and<br><br>PROGRESSIVE ENVIRONMENTAL SERVICES, INC. d/b/a SWS ENVIRONMENTAL SERVICES, a foregin corporation 1619 Moylan Road Panama City, FL  32407<br><br>**Please Serve:** NRAI SERVICES, INC. 1200 South Pine Island Road Plantation, FL  33324<br><br>    Defendants. | Case No. 1:18-cv-384<br><br>Judge<br><br><br><br><br><br>**COMPLAINT FOR BREACH OF CONTRACT WITH JURY DEMAND ENDORSED HEREON** |

NAUTILUS INSURANCE COMPANY ("Nautilus") files suit against AIG SPECIALTY INSURANCE COMPANY ("AIG") and PROGRESSIVE ENVIRONMENTAL SERVICES, INC. d/b/a SWS ENVIRONMENTAL SERVICES ("SWS"), and alleges:

## NATURE OF ACTION

1. This is an action for monetary damages involving AIG's erroneous denial of primary Additional Insured coverage under a subcontractor's policy that includes a primary, blanket Additional Insured endorsement.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Venue is proper in this District since "a substantial part of the events … giving rise to the claim occurred" in this District. *See* 28 U.S.C. § 1391(b)(2). More specifically, Nautilus's policy was issued and delivered in Cuyahoga County, Ohio. Moreover, the contract between Nautilus's named insured and AIG's named insured was executed in Ohio and the contract between Nautilus's insured and underlying plaintiff was also executed in Ohio.

4. All conditions precedent have occurred, been performed, or have been waived.

## THE PARTIES

5. Nautilus is an Arizona corporation with its principal place of business in Arizona. Pertinent here, Nautilus issued a Commercial Lines Insurance policy to "Emergency Response & Training Solutions, Inc." (referred to as "ERTS") as its Named Insured. ERTS is an Ohio corporation with its principal place of business in Cuyahoga County, Ohio. ERTS was erroneously denied primary Additional Insured coverage from AIG.

6. AIG is an Illinois corporation with its principal place of business in New York. AIG issued a package Environmental Liability policy to "Progressive Environmental Services, Inc. d/b/a SWS Environmental Services" as its Named Insured.

7. SWS is an Texas corporation with its principal place of business in Florida. ERTS entered into a subcontract with SWS in Cuyahoga County, Ohio. Under the subcontract, SWS

agreed to provide ERTS with additional insured coverage. Under the subcontract, SWS also agreed to defend and indemnify ERTS against claims in any way arising out of its work.

### COMMON ALLEGATIONS

8.  *SWS AGREED TO DEFEND, INDEMNIFY, AND OBTAIN PRIMARY ADDITIONAL INSURED COVERAGE FOR ERTS*. R+L Carriers, Inc. ("R+L") is the owner of a motor carrier company with truck terminal operations throughout the United States. R+L entered into a contract with ERTS for emergency and environmental management services, including spill notification and reporting, and management of subcontractors and documentation.

9.  On November 25, 2014, a 55-gallon drum of tetrachloroethylene ("PCE"), a chemical used as dry cleaning solvent, was accidentally punctured while transported on R+L's tractor-trailer, resulting in a toxic spill. PCE is a toxic substance and known human carcinogen.[1]

10. R+L contacted ERTS and requested services in connection with the spill.

11. ERTS fully subcontracted its services to SWS. In pertinent part, the subcontract includes this insurance and indemnification provision:

> IV. **INSURANCE AND INDEMNIFICATION**
>
> 4.1 Contractor [SWS] agrees to indemnify and save harmless ERTS from and against any and all liabilities direct and indirect losses, claims, demands, suits, including the cost of complying with any governmental order, damages (including consequential damages), and cases of action for bodily injury to or death of any person or destruction of or damage to any property that occurred as a result of the services provided by Contractor, its agents, employees, or subcontractors in the performance of this Agreement, or their failure to act, except to the extent such liabilities, claims, demands, or causes of action occurred as a result of the gross negligence or willful misconduct of ERTS.
>
> 4.2 Contractor shall procure and maintain the following insurance, at its expense, during the term of this Agreement:

---

[1] *See* Agency for Toxic Substances and Disease Registry available at: https://www.atsdr.cdc.gov/substances/toxsubstance.asp?toxid=48 (last visited 02/07/2018).

| COVERAGE | LIMITS |
|---|---|
| (a) Workers Compensation | Statutory |
| (b) Employer's Liability | $1M each occurrence |
| (c) General Liability… | $1M combined single limit |
| (d) Automobile Liability… | $1M combined single limit |
| (e) Pollution Legal Liability | $3M each occurrence |

General Liability insurance shall include coverage for completed operations, contractual liability, and independent contractor coverage under this Agreement. ERTS shall be named additional insured under all such policies… Contractor agrees to furnish to ERTS insurance certificate(s) reflecting Contractor's compliance with the requirements of this Section. …

VI. **WORK ON SITE/WARRANTY**…

6.1 Contractor shall perform all services with due diligence, in a good and workmanlike manner and in accordance with the Work Authorization and applicable laws… Contractor shall perform all Work in accordance with generally accepted professional standards and, where applicable, standards imposed by law for comparable or similar services.

A copy of the Subcontract is attached as Exhibit "A."

12. ***ERTS WAS SUED BECAUSE OF SWS'S NEGLIGENT CLEANUP AND REMEDIATION SERVICES.*** R+L sued ERTS in an action styled, *R+L Carriers, Inc. v. Emergency Response & Training Solutions, LLC*, pending in the Court of Common Pleas in Clinton County, Ohio, bearing Case No. CVE20150332. A copy of R+L's complaint is attached as Exhibit "B."

13. Essentially, R+L alleges that during SWS's cleanup and remediation work at the site, additional PCE spilled into a parking lot and surrounding soil. (*Compl.*, Pg. 4.)

14. Under the subcontract, SWS agreed to decontaminate the tractor-trailer and provide additional remediation services for the contaminated parking lot and soil.

15. SWS failed to adequately cleanup and remediate the pollution spill and their services were allegedly untimely. Because of the spill, R+L incurred costs exceeding $1.5M, plus potential fines and penalties.

16. R+L's Complaint includes two counts against ERTS, but neither alleges that ERTS committed gross negligence or willful misconduct. R+L's damages stem entirely from the faulty cleanup and remediation services by SWS.

17. ***NAUTILUS'S COMMERCIAL INSURANCE POLICY:*** Nautilus issued a policy to "Emergency Response & Training Solutions, Inc." as the Named Insured, bearing Policy No. ECP2007828-12, and effective from 02/06/2014 through 02/06/2015. A copy of the Nautilus policy is attached as Exhibit "C."

18. Nautilus's policy is excess over any other insurance, whether primary, excess, contingent, or on any other basis, including AIG's primary policy.

19. ***AIG'S PACKAGE ENVIRONMENTAL LIABILITY POLICY:*** AIG issued a package Environmental Liability Policy to "Progressive Environmental Services, Inc. dba SWS Environmental Services," as the Named Insured, bearing Policy No. PROP13309500, and effective from 05/05/2014 to 05/05/2015. A copy of AIG's policy is attached as Exhibit "D."

20. AIG's package Policy includes all of these coverages: Coverage A – Primary Pollution Liability, Coverage B – Personal and Advertising Injury Liability, Coverage C – Medical Payments, Coverage D – Professional Liability, Coverage F – Insured Property Pollution Legal Liability Coverage, and Employers Liability Coverage.

21. Relevant to this lawsuit, AIG's policy includes Coverage A – Primary Pollution Liability, as amended by Form 90667 (04/06), which provides in pertinent part:

**SECTION 1 - COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies. We will have the right and duty to defend the insured against any suit seeking those damages. However, we will have no duty to defend the insured against any suit seeking damages for bodily injury and property damage to which this insurance does not apply. …

**SECTION VI – DEFINITIONS**…

5. **Claim expense** means:

   a. Fees charged by any lawyer designated by us…

11. **Insured contract** means…

   f. That part of any other contract or agreement pertaining to your business… under which you assume the tort liability of another party to pay for bodily injury or property damage to a third person or organization. …

25. **Property damage** means:

   a. Physical injury to or destruction of tangible property of parties other than the insured, including all resulting loss of use and diminution of value thereof. All such loss of use shall be deemed to occur at the time of the physical injury that caused it.

   b. Loss of use of tangible property, but not diminution of value, that is not physically injured….

   d. Solely with respect to coverage within the scope of paragraphs (4) and (5) of Exclusion f., Pollution, in Section I, Coverage A, 2. Exclusions, property damage also means those costs or expenses arising out of the testing, monitoring, clean up, removal, containment, treatment, detoxification, neutralization or other response to or assessment of the effect of pollutants. …

22. The policy also includes this blanket, primary Additional Insured endorsement:

   **ADDITIONAL INSURED/PRIMARY COVERAGE ENDORSEMENT**

This endorsement modifies insurance provided under the following

COMMERCIAL GENERAL LIABILITY AND
PROFESSIONAL LIABILITY COVERAGE FORM

In consideration of an additional premium of $ it is hereby agreed that the following is included as an Additional Insured as respects Coverage A and B but only as respects liability arising out of your work for the Additional Insured by or for you.

Additional Insured:

Blanket Where Required by Written Contract or Agreement…

As respects the coverage afforded the Additional Insured, this insurance is primary and non-contributory, and our obligations are not affected by any other insurance carried by such Additional Insured whether primary, excess, contingent, or on any other basis. …

23. ***NAUTILUS IS INCURRING THE EXPENSE OF DEFENDING THE UNDERLYING ACTION BECAUSE AIG ERRONEOUSLY CONTINUES TO DISCLAIM ITS DUTY TO DEFEND.*** Nautilus is defending ERTS, including fully paying for ERTS's mounting attorney's fees and costs.

24. Despite the language in the subcontract and its policy, AIG continues to refuse to provide coverage, reasoning that even if it owes coverage that its policy is excess.

25. Nautilus is equitably and contractually subrogated to the rights of ERTS to which AIG erroneously disclaimed coverage.

## COUNT I – BREACH OF DUTY TO DEFEND

26. Nautilus incorporates paragraphs 1 – 25 as if fully restated here.

27. Under the Additional Insured Primary Coverage Endorsement, the AIG policy extends coverage under Coverage A for "Blanket where required by written contract or agreement." Because it was required under the Subcontract, ERTS is an additional insured under AIG's policy.

28. Under Coverage A, AIG has a duty to defend ERTS in the lawsuit filed by R+L on

a primary basis.

29. AIG owes additional insured coverage to ERTS, including the duty to pay Claim Expenses on behalf of ERTS in the underlying action.

30. AIG has breached this duty and Nautilus has been damaged by this breach in an amount to be determined, but which is already in excess of the minimum jurisdictional requirements.

## COUNT II – BREACH OF DUTY TO INDEMNIFY

31. Nautilus incorporates paragraphs 1 – 30 as if fully restated here.

32. Under the Additional Insured Primary Coverage Endorsement, the AIG policy includes additional insured coverage under Coverage A "Blanket where required by written contract or agreement." Because it was required under the Subcontract, ERTS is an additional insured under AIG's policy.

33. Under Coverage A, AIG has a duty to indemnify ERTS in the lawsuit filed by R+L on a primary basis.

34. AIG owes additional insured coverage to ERTS, including the duty to pay Damages on behalf of ERTS in the underlying action.

35. AIG has breached this duty and Nautilus will be damaged by this breach in an amount to be determined.

## COUNT III – DUTY TO PAY ON A PRIMARY BASIS

36. Nautilus incorporates paragraphs 1 – 35 as if fully restated here.

37. The AIG insurance contract specifically provides that it is primary to all coverage owed to an additional insured, as follows: "As respects the coverage afforded the Additional Insured, this insurance is primary and non-contributory, and our obligations are not affected by

any other insurance carried by such Additional Insured whether primary, excess, contingent, or on any other basis."

38. AIG owes additional insured coverage to ERTS, including the duty to pay Claim Expenses and Damages on behalf of ERTS in the underlying action—on a primary basis.

## REQUESTED RELIEF

Nautilus respectfully requests that this Court:

a. Take jurisdiction and adjudicate the rights of the parties under the policies;

b. Enter judgment against AIG and SWS requiring AIG to provide primary additional insured coverage to ERTS under Coverage A, including the duty to pay Damages and Claim Expenses on behalf of ERTS in the underlying action.

c. Enter judgment against AIG and SWS requiring AIG to indemnify ERTS in the underlying action.

d. Enter judgment against AIG and SWS requiring AIG to pay Damages and Claim Expenses for ERTS in the underlying action on a primary basis.

e. Award against AIG and SWS all costs Nautilus incurred to prosecute this action, as well as any other relief that this Court deems, equitable, just, and proper.

Respectfully Submitted,

KOHNEN & PATTON LLP

/s/ *K. Roger Schoeni*
K. Roger Schoeni (0004812)
PNC Center, Suite 800
201 E. Fifth Street
Cincinnati, Ohio 45202
Phone: (513) 381-0656
Fax: (513) 381-5823
rschoeni@kplaw.com
ATTORNEY FOR PLAINTIFF
NAUTILUS INSURANCE COMPANY

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues asserted here.

                                            /s/ *K. Roger Schoeni*
                                            K. Roger Schoeni

**TO THE CLERK - INSTRUCTIONS FOR SERVICE:** Please serve Defendants by certified U.S. Mail at the addresses listed in the caption of this Complaint.